1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| STEVEN H. LUCORE, SR., JUDY L. LUCORE,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MICHAEL D. ZEFF, an individual, ROSENTHAL, WITHEM & ZEFF, AND NATIONSTAR MORTGAGE LLC,<br><br>                                    Defendants. | Case No.: 15-CV-910 JLS (MDD)<br><br>**ORDER: (1) GRANTING THE ZEFF DEFENDANTS' MOTION TO DISMISS;**<br>**(2) GRANTING DEFENDANT NATIONSTAR'S MOTION TO DISMISS;**<br>**(3) DISMISSING WITH PREJUDICE PLAINTIFFS' THIRD AMENDED COMPLAINT;**<br>**(4) DENYING AS MOOT ZEFF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE;**<br>**(5) DENYING AS MOOT PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE; AND**<br>**(6) DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>(ECF Nos. 73, 75, 76) |

26

27          Presently before the Court are Defendants Michael D. Zeff and Rosenthal, Withem

28   & Zeff's ("Zeff Defendants") Motion to Dismiss Plaintiffs' Third Amended Complaint,

("Zeff MTD," ECF No. 76), and Defendant Nationstar Mortgage LLC's Motion to Dismiss

Plaintiffs' Third Amended Complaint, ("Nationstar MTD," ECF No. 75). Also before the Court are Plaintiffs Steven H. Lucore and Judy L. Lucore's Opposition[1] to ("Lucore Opp'n," ECF No. 86), and Defendants Replies in Support of, (ECF Nos. 82, 87), the respective Motions to Dismiss. Additionally, the Zeff Defendants filed a Request for Judicial Notice, (ECF Nos. 76-1, 76-2); Plaintiffs also filed a Request for Judicial Notice, (ECF No. 85). Finally, Plaintiffs filed a Motion to Amend Complaint to Add a Cause of Action, ("MTN," ECF No. 73). Defendants filed Oppositions to, (ECF Nos. 77, 78), and Plaintiffs filed a Reply in Support of, (ECF No. 80) the Motion to Amend.

The Court vacated hearings for the two Motions to Dismiss and Plaintiff's Motion to Amend and took these matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF Nos. 83, 88.) Having considered the parties' arguments and the law, the Court **GRANTS** the Zeff Defendants' MTD (ECF No. 76), **GRANTS** Defendant Nationstar's MTD (ECF No. 75), **DISMISSES WITH PREJUDICE** Plaintiffs' TAC, (ECF No. 71), **DENIES AS MOOT** the Zeff Defendants' RJN (ECF Nos. 76-1, 76-2) and **DENIES AS MOOT** Plaintiffs' RJN, (ECF No. 85). Additionally, the Court **DENIES** Plaintiffs' Motion to Amend, (ECF No. 73).

## BACKGROUND

On January 6, 2009, "Plaintiffs rescinded a mortgage loan" encumbering a residential property located at 11132 Summit Avenue, Santee, CA 92071 (the "Property"). (TAC ¶ 8.) BAC Home Loans Servicing, LLC was the original lender-creditor. (*Id.* ¶ 10.) U.S. Bank claimed to have been assigned the debt on September 14, 2010, (*id.* ¶ 11). U.S. Bank is not a party to this action. Plaintiff alleges that U.S. Bank purchased the Property

---

[1] Plaintiffs submitted a 563-page filing entitled Plaintiffs' Supplemental Brief and Declaration of Steven H. Lucore, Sr. (ECF No. 81.) As best the Court can tell, this is not Plaintiffs' Opposition to Nationstar's MTD nor have Plaintiffs filed any other response in opposition to Nationstar's MTD. Plaintiffs did not request leave from this Court to file a supplemental briefing to their Opposition much less one that exceeds the page length. *See* Civil Local Rule 7.1(h). However, Plaintiffs filed a Response in Opposition to the Zeff Defendant's MTD, (ECF No. 86). The Court will consider Plaintiffs' arguments in its Opposition to Zeff Defendants' MTD and, where appropriate, apply those arguments to Nationstar's MTD.

at a trustee's sale on August 18, 2011, (*id.* ¶ 11), and U.S. Bank pursued two post-foreclosure evictions in state court against Plaintiffs, which resulted in dismissal both times because the trial court allegedly found that U.S. Bank lacked standing to pursue its claim, (*id.* ¶ 12). On or about April 3, 2015, the Zeff Defendants, who are counsel representing U.S. Bank, sent a letter to Plaintiffs threatening to take further legal action against Plaintiffs' property. (*Id.*) The Zeff Defendants then filed an unlawful detainer action in state court, which was subsequently dismissed because U.S. Bank allegedly lacked duly perfected title to the Property. (*Id.* ¶ 16.) Meanwhile, since August 21, 2015, Defendant Nationstar has threatened to sell the Property because the property in question is on the website www.homesearch.com and Nationstar is listed as the seller of the property. (*Id.* ¶ 18.)

Plaintiffs filed a complaint in federal court against the Zeff Defendants on April 24, 2015, alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"). (*See generally* ECF No. 1.) After the Zeff Defendants filed a motion to dismiss, (ECF No. 5), Plaintiffs moved to amend their complaint to add Defendant Nationstar, (ECF No. 11). Plaintiffs filed their First Amended Complaint ("FAC") on November 24, 2015, alleging three causes of action under the FDCPA against both Nationstar and Zeff Defendants. (*See generally* FAC, ECF No. 19.) The Court dismissed without prejudice Plaintiffs' FAC on June 3, 2016, and Plaintiffs filed their Second Amended Complaint ("SAC") on June 16, 2016. The Court again dismissed without prejudice Plaintiffs' SAC, ("Prior Order," ECF No. 70). Plaintiffs filed their TAC on March 14, 2017, which resulted in the present Motions.

## MOTIONS TO DISMISS

### I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-*

*Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II.    Analysis

Plaintiffs assert three causes of action against Defendants: (1) violation of 15 U.S.C. §§ 1692e(5) & 1692e(10), (2) violation of 15 U.S.C. § 1692e(2)(A), and (3) violation of 15 U.S.C. § 1692f(1).  (*See generally* TAC.)  Defendants argue that Plaintiffs fail to allege that Defendants are debt collectors under the FDCPA,[2] (s*ee* Zeff MTD 9–12; Nationstar MTD 13–14), which would preclude any recovery under FDCPA.  *See* 15 U.S.C. § 1692(e).  Plaintiffs disagree.  (*See* Lucore Opp'n 9–12.)  Defendants also argue Plaintiffs' claims are barred by res judicata.[3]  In its Prior Order, the Court found Defendants were not debt collectors and admonished Plaintiffs to allege facts to support its contention that Defendants were debt collectors under FDCPA.  (Prior Order 8.)  It is to this discussion that the Court now turns.

### A. Definition of Debt Collector Under FDCPA

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  As relevant to the statute, "[t]he term 'debt collector' means any person who . . . [is] in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  § 1692a(6).  The statute also provides a narrower definition of debt collector: "For the purpose of section 1692f(6) of this title, [debt collector] includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the *enforcement of security interests*."  *Id.* (emphasis

---

[2] Although the Zeff Defendants and Defendant Nationstar have filed separate MTDs, (*see* ECF Nos. 75, 76, respectively), the Court addresses their arguments—a number of which overlap—collectively.

[3] Given the Court's finding on Plaintiffs' FDCPA claims, it does not reach Defendants' res judicata arguments.  For the same reason, the Court does not rely on either Parties' RJNs to reach this conclusion and denies the requests as moot.

added). Plaintiffs allege that both Nationstar and the Zeff Defendants are debt collectors for purposes of the FDCPA, (*see* TAC ¶¶ 21–23), but do not allege a violation of § 1692f(6).

In its Prior Order the Court noted that the Ninth Circuit had yet to address whether foreclosure proceedings constitute "debt collection" within the ambit of the FDCPA. (Prior Order 5–6 (quoting *Cruz v. Nationwide Reconveyance, LLC*, No. 15-CV-2082-GPC-NLS, 2016 WL 127585, at \*4 & n.3 (S.D. Cal. Jan. 11, 2016); and *O'Connor v. Nationstar Mortg., LLC*, No. 13-CV-05874 NC, 2014 WL 1779338, at \*5 (N.D. Cal. May 5, 2014).) The Ninth Circuit has since answered that question. In *Vien-Phuong Thi Ho v. ReconTrust Co.*, 858 F.3d 568, 570 (9th Cir.), *cert. denied*, —S. Ct.—, 2017 WL 3621103 (2017), the issue before the Ninth Circuit was whether the trustee of a California deed of trust is a debt collector under the FDCPA. There, the plaintiff bought a house with a loan secured by a deed of trust. *Id.* After the plaintiff missed several loan payments, the defendant initiated a non-judicial foreclosure by recording a notice of default and sent the notice to the plaintiff along with warnings to pay the outstanding balance on the loan or face non-judicial foreclosure and auctioning of the property. *Id.*

The Ninth Circuit affirmed the holding of *Hulse v. Ocwen Federal Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), which held that "foreclosing on a trust deed is an entirely different path than collecting funds from a debtor." *Vien-Phuong Thi Ho*, 858 F.3d at 572 (quotation marks omitted). The court distinguished between a person attempting to enforce his or her rights through a non-judicial foreclosure and attempting to collect money. *Id.* at 571. In support of this conclusion, the court reasoned that the definition of debt collector in section 1692a(6) distinguishes between entities that collect debts owed and a narrower definition of debt collector, which "also includes" entities whose principal business purpose is "the enforcement of security interests." *See id.* at 572–73 (citing §§ 1692a(6), 1692f(6)). Thus, "an entity does not become a general 'debt collector' if its 'only role in the debt collection process is the enforcement of a security interest.'" *Id.* at 573 (citing *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006); and

*Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013)). In applying its holding, the court decided that a non-judicial foreclosure was the enforcement of a security interest and not the collection of a monetary debt. Therefore, the "right to 'enforce' the security interest necessarily implies the right to send the required notices; to hold otherwise would divorce the notices from their context." *Id.* This Court's legal standard in its prior order is in accord with *Vien-Phuong Thi Ho*. (*See, e.g.*, Prior Order 6 (quoting *Hulse*, 195 F. Supp. 2d at 1204).)

Here, Plaintiffs allege violations of sections 1692e(5), 1692e(10), 1692e(2)(A), and 1692f(1), but not section 1692f(6). Therefore, the broader definition of debt collector applies. *See* 15 U.S.C. § 1692a(6). In determining the definition of debt collector, the relevant inquiry is whether the actions by Defendants are enforcing a security interest or collecting a monetary debt. The Court embarked on this inquiry in both its prior orders. (*See* ECF Nos. 38, 70.) As before, Plaintiffs allege that the Zeff Defendants sent a letter threatening eviction proceedings, (TAC ¶ 14), and filed an unlawful detainer action against Plaintiffs, (*id.* ¶ 16). Plaintiffs also claim "Defendant Nationstar has misrepresented the character and status of the debt and threatened to take action it had no legal right to take by threatening to sell Plaintiffs' property on the open market." (*Id.* ¶ 18.) These are the same facts Plaintiffs alleged in their Second Amended Complaint, (*see* ECF No. 39, ¶¶ 8–18).

### B. Whether Zeff Defendants' Eviction Proceeding Notices Qualify Them as Debt Collectors

The Court begins its analysis with the Zeff Defendants' action to send notices to Plaintiffs. Actions taken to facilitate a non-judicial foreclosure including sending notice of default and notice of sale are not attempts to collect a debt. *Vien-Phuong Thi Ho*, 858 F.3d at 572; *see also id.* at 574 ("Enforcement of a security interest will often involve communications between the forecloser and the consumer. When these communications are limited to the foreclosure process, they do not transform foreclosure into debt collection."). According to the TAC, Zeff Defendants sent a letter to Plaintiffs demanding Plaintiffs "deliver up [sic] possession of the property and threatening to file a state lawsuit

against plaintiffs." (TAC ¶ 13.) This letter relates to possession of the property and does not mention or request payment of any monetary debt by Plaintiffs. Therefore, the letter sent by Zeff Defendants does not qualify them as debt collectors.

### C. Whether Judicial Proceedings Qualify Zeff Defendants as Debt Collectors

The parties also debate the significance of several state court opinions decided in the course of the litigation surrounding the property. (*See* Nationstar MTD 9–11 (describing litigation history).) Specifically, Zeff Defendants filed an unlawful detainer action on behalf of their client, U.S. Bank, on April 15, 2015. (TAC ¶ 16.) Furthermore, Plaintiffs allege that U.S. Bank (not a party to this proceeding) pursued at least two post-foreclosure evictions against them. (*Id.* ¶ 12.)

The state court proceedings, (*see id.* ¶¶ 12, 16), are not actions by Defendants to collect a debt, but rather to enforce a security interest. *See Hidalgo v. Aurora Loan Servs. LLC*, No. 13-CV-1341-H JMA, 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013) ("[A]n unlawful detainer action regarding holdover occupants after foreclosure does not qualify as the collection of a debt within the meaning of the FDCPA." (citing *Monreal v. GMAC Mortg., LLC*, 948 F. Supp. 2d 1069, 1085 (S.D. Cal. 2013); and *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1205 (D. Colo. 2003))). Defendants' accused conduct occurred in connection with a post-foreclosure eviction action and subsequent unlawful detainer actions, (TAC ¶¶ 13–18). "[A] FDCPA claim cannot be predicated on actions relating to the filing and prosecution of an unlawful detainer action." *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *4 (N.D. Cal. June 28, 2013) (citing *David v. GMAC Mortg., LLC*, No. C 1 1-2914 PJH, 2011 WL 6100616, *3 (N.D. Cal. Dec. 8, 2011); and *Brambila v. Reo Bay Area, LP*, No. 11-3202 SI, 2011 WL 4031142, at *5 (N.D. Cal. Sept. 8, 2011)).

### D. Whether Nationstar's Conduct Qualifies Them as Debt Collectors

There may be situations where conduct taken in connection with non-judicial foreclosure may violate the FDCPA. *See Cruz*, 2016 WL 127585, at *5 (collecting cases); *see also Vien-Phuoung Thi Ho*, 858 F.3d at 573 ("If entities that enforce security interests

engage in activities that constitute debt collection, they are debt collectors."). The Court finds that Defendant Nationstar's "threatening" to sell the Property on the open market over the Internet changes the calculus, especially where, as here, Plaintiffs have not actually alleged that Defendant Nationstar contacted them. Rhather, it appears that Plaintiffs discovered Defendant Nationstar's online listing on their own. (*See* TAC ¶ 18; Nationstar MTD 7.) Plaintiffs have appended an exhibit to their TAC that was sent from U.S. Bank to Plaintiffs. In that letter U.S. Bank's representative states that Bank of America is the servicer of their loan. (TAC, Ex. 1, at 15.) Plaintiffs argue that the U.S. Bank letter casts doubt on whose authority Nationstar had to list and attempt to sell Plaintiffs' property. (*Id.* ¶ 23.) Yet, this letter does not show that Nationstar is attempting to collect a debt. Assuming that Nationstar is attempting to sell Plaintiffs' property, this would only show non-judicial foreclosure sale but nothing more, There is no further conduct alleged in connection with enforcing this security interest.

Plaintiffs' arguments to the contrary are unavailing. First, Plaintiffs argue that the Zeff Defendants are debt collectors because they are attempting to collect a debt, which can be money or property. (Lucore Opp'n 9–10 (citing Cal. Civ. Code § 1788.2(d)).) However, the cited definitions and rules of construction are only applicable to section 1788 of the California Civil Code, which is California's version of the FDCPA, and not to the federal FDCPA. *See* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . .").

Second, Plaintiffs argue that the Zeff Defendants' contention that their client, U.S. Bank, is not a debt collector fails because U.S. Bank is "an alleged assignee of a delinquent debt." (Lucore Opp'n 10 (citing *Decker v. GEMB Lending, Inc.*, No. 12-CV-632-AC, 2012 WL 5304144 (D. Or. Sept. 13, 2012)).) Yet, U.S. Bank is not a party to these proceedings. The relevant analysis is whether the Zeff Defendants are debt collectors and not whether U.S. Bank is a debt collector.

Third, Plaintiffs cite several cases illustrating situations where attorneys were held to be debt collectors under the FDCPA and urges this Court to find the Zeff Defendants to

be debt collectors.  (*See id.* at 10–12.)  For example, Plaintiff cites *Heintz v. Jenkins*, 514 U.S. 291 (1995).  There, the Supreme Court held that the FDCPA applied to a lawyer who "regularly," through litigation, tried to collect consumer debts.  *Id.* at 299.  The plaintiff borrowed money from a bank to buy a car and defaulted on her loan.  *Id.* at 293.  The bank's law firm sued the plaintiff in state court to recover the balance of the money due. *Id.*

      *Heintz* does not support Plaintiffs' argument.  *Heintz* stands for the proposition that a lawyer can be a debt collector, for purposes of FDCPA, when she collects or attempts to collect a *consumer debt*.  The issue here is whether the Zeff Defendants are collecting or attempting to collect debts owed or whether they are enforcing a *security interest*.  *See* 15 U.S.C. § 1692a(6).  The present facts are distinguishable from *Heintz*.  There, the attorney brought a suit against the consumer to recover the sum the consumer owed to her client, a bank.  Here, the Zeff Defendants pursued litigation—an unlawful detainer action—against Plaintiffs; this action was intended to secure the property obtained at foreclosure sale.  They also sent eviction notices that did not request payment of monetary debt to their client.  The other cases cited by Plaintiffs do not answer the question in this litigation: whether Defendants are enforcing a security interest or collecting on a monetary debt.[4]

      In its Prior Orders, the Court found that both the Zeff Defendants and Nationstar were not debt collectors under the FDCPA.  (*See, e.g.*, ECF No. 70, at 6.)  In both Previous Orders, the Court expressed its serious doubts concerning Plaintiffs' ability to cure the deficiencies outlined by the Court.  (ECF No. 39, at 7; ECF No. 70, at 8.)  Plaintiffs' TAC did not cure the deficiencies and the Ninth Circuit's decision in *Vien-Phuong Thi Ho*, 858 F.3d at 572, further supports the Court's conclusion.  Therefore, the Court finds Defendants are not debt collectors for purposes of the FDCPA and Plaintiffs' three FDCPA causes of

---

[4] For example, *Jerman v. Carlisle, McNelie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576–77 (2010), dealt with whether the "bona fide error" defense in section 1692k(c) applied to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FCDPA.  Plaintiffs do not allege any Defendant has a bona fide error defense—*Jerman* is not applicable here.

action fail to state a claim.

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss.[5] (ECF Nos. 75, 76.) Failure to correct identified deficiencies "is a strong indication that the plaintiffs have no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quotation omitted). The Court has repeatedly warned Plaintiffs to plead sufficient facts to cure the deficiencies in their claims. Plaintiffs have repeatedly been unable to do so. Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' TAC in its entirety, (ECF No. 72). The Court also reaches the conclusion that the dismissal with prejudice is appropriate in light of Plaintiffs' proposed fourth amended complaint, which the Court discusses below.

## MOTION TO AMEND

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v.*

---

[5] Because the Court finds Plaintiffs fail to state a claim for FDCPA, the Court declines to reach the res judicata issue.

*Davis*, 371 U.S. 178, 182 (1962).

"Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)). Additionally, "the party opposing amendment has the burden of showing that amendment is not warranted." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 649–50 (W.D. Wash. 2015) (citing, e.g., *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## II. Analysis

Plaintiffs seek to add a cause of action for declaratory relief. ("MTN," ECF No. 73, at 3.) Specifically, Plaintiffs' move to amend their TAC by alleging that the federal Truth in Lending Act, 15 U.S.C. § 1635, allowed Plaintiffs to rescind their "note and deed of trust." (MTN 4.) Plaintiffs mailed their rescission notice in January 2009 and that rescission allegedly voided the deed of trust. (*Id.*) Because of the rescission, "[n]o party could enforce the obligation memorialized by the note and deed of trust after January 6, 2009" and there is a dispute between the parties about their respective rights and duties. (*Id.* at 4–5.)

Defendants argue that Plaintiffs' proposed amendment is in bad faith. (*See* "Nationstar Opp'n," ECF No. 77, at 2 (citing *O'Shea v. Epson Am., Inc.*, No. CV 09-8063 PSG (CWx), 2010 WL 4025627, at *1 (C.D. Cal. Oct. 12, 2010)); "Zeff Defendants Opp'n," ECF No. 78, at 4.) According to Defendants, Plaintiffs raised a declaratory relief claim in their state court proceedings; thus, Plaintiffs knew how to plead the declaratory relief cause of action and deliberately failed to do so in this litigation. (*See* Nationstar Opp'n 2–3.) According to Nationstar, Plaintiffs' knew about the concept of declaratory relief and failed to plead it in three complaints. (*Id.* at 3.) Nationstar argues this is nothing but a delay tactic and part of Plaintiffs' ongoing bad faith actions. (*Id.*) The Zeff Defendants largely echo this sentiment. (*See* Zeff Defendants Opp'n 4.)

Defendants also argue that declaratory relief is not an independent cause of action,

but only a remedy. (Nationstar Opp'n 3 (citing 28 U.S.C. §§ 2201–02; and *Nat'l Union Fire Ins. Co. v. Karp.*, 108 F.3d 764, 17, 21 (2d Cir. 1997)); Zeff Defendants Opp'n 5.) Plaintiffs alleged the same causes of action in their TAC as they did in their First Amended Complaint and their Second Amended Complaint. (Nationstar Opp'n 3.) According to Defendants, the Court has repeatedly found that Plaintiffs are not debt collectors and therefore amendment would be futile. (*Id.*)

Although leave to amend should be freely given, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal."). "[A] court may exercise its discretion to deny leave to amend where the amendment is duplicative of existing claims[ and] . . . may also look to the sufficiency of allegations in a proposed amended complaint to determine if they would be futile." *Gragossian v. Cardinal Health Inc.*, No. 07-CV-1818-H (LSP), 2008 WL 2157004, at *1 (S.D. Cal. May 21, 2008) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995); and *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650–51 (9th Cir. 1984)). The Court examines whether Plaintiffs' proposed amendment would be futile.

Defendants assail Plaintiffs' proposed amendment as duplicative of Plaintiffs' FDCPA cause of action. The Court disagrees. Plaintiffs' proposed amendment is not based on the FDCPA, but rather the federal Truth in Lending Act ("TILA") and regulations promulgated under TILA's authority. (*See* MTN 4 ("The Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z 226.23 allow for a borrower to rescind the note and deed of trust by operation of law. In this case, rescission was effected [sic] on January 6, 2009 when Plaintiffs mailed their rescission notice to their creditor.").) Plaintiffs' proposed amendment goes on to state that the rights and duties arising from the purported rescission are in dispute. (*Id.* at 5.) It appears that Plaintiffs wish to amend their TAC to include a cause of action sounding in the TILA, which they have not previously raised in this

litigation.[6]  (*See generally* ECF Nos. 1, 19, 39.)

### A. Truth in Lending Act: Right of Rescission

Congress enacted TILA to protect borrowers by ensuring full "disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms to him and avoid the uninformed use of credit." *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (quoting 15 U.S.C. § 1601).  Thus, TILA provides special rescission rights to borrowers for certain loans secured by a borrower's principal dwelling. *See* 15 U.S.C. § 1635(a).  "To effectuate TILA's purpose, a court must construe 'the Act's provisions liberally in favor of the consumer' and require absolute compliance by creditors." *Hauk*, 552 F.3d at 1118 (quoting *In re Ferrell*, 539 F.3d 1186, 1189 (9th Cir. 2008)).

Section 1635(a) allows buyers the right to rescind within three days of either consummation of the loan transaction or delivery of certain information and rescission forms, whichever is later.  This is an "unconditional" right to rescind for three days. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).  After three days, borrowers may only rescind if the lender fails to satisfy TILA's requirements.  This conditional right must be exercised within "three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Id.* (citing 15 U.S.C. § 1635(f)).  A borrower's right to rescind is "completely extinguishe[d]" at the end of the three-year period. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

Plaintiffs executed a written Note in the amount of $450,000 on or about April 28, 2006.  (Nationstar MTD 7 (citing SAC ¶ 8).)  Plaintiffs allege that they rescinded their Note, in accordance with TILA's procedures, on January 6, 2009.  (TAC ¶ 8.)  They also allege that the "rescission was not contested and acknowledged received by the purported

---

[6] Plaintiffs' TILA claim is further evident from their citation to *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).  That case dealt with the steps a debtor must take in order to validly rescind his or her mortgage under TILA. *Id.* at 791.  At the very least, Defendants were on notice that Plaintiffs' proposed amendment had some relation to a TILA claim.

lender-creditor BAC Home Loans Servicing, LLC." (*Id.* ¶ 10.) Accepting these factual allegations as true, Plaintiffs would have timely rescinded their Note because the rescission was within the three-year conditional rescission period. In *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. at 792, the Supreme Court held that once a consumer mails the notice of rescission within the three-year period then the rescission is effective. For the purposes of this analysis, the Court assumes that Plaintiffs rescinded their Note. If ultimately successful, Plaintiffs' rescission claim could allow them to set aside the non-judicial foreclosure sale as null and void, retain the Property, and void any documents recorded on title to the Property. *See, e.g.*, *Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239 (D. Or. 2015). The dispositive question is whether this Court could order Plaintiffs' requested declaratory relief, or any relief, stemming for a violation of TILA.

### B. Whether the Court Can Grant the Requested Relief

Plaintiffs' proposed amendment seeks to add a cause of action for declaratory relief based on TILA. (MTN 4.) "[P]laintiffs request the relief to be free from defendants Zeff and Rosenthal and Withem and Zeff from filing improper state actions against plaintiffs." (*Id.*)

The Declaratory Judgment Act "provides that in a case of actual controversy a competent court may 'declare the rights and other legal relations' of a party 'whether or not further relief is or could be sought.'" *Public Service Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952) (quoting 28 U.S.C. § 2201). Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (citation omitted). While "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," Fed. R. Civ. P. 57, "[t]he availability of other adequate remedies may make declaratory relief 'inappropriate.'" *Gaytan v. Bank of N.Y. Mellon*, No. CV 16-2421 BRO (JEMx), 2017 WL 914707, at *10 (C.D. Cal. Mar. 6, 2017) (alterations in original) (citation omitted); *see also Mangindin v.*

*Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) (citation omitted) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action.").

At least one district courts has granted declaratory relief in the context of TILA rescission claims. *See Walsh v. Wash. Mut. Bank*, No. CV 09-4387 RGK (ANx), 2010 WL 8971768, at *2 (C.D. Cal. Mar. 5, 2010). The distinction between that case and the present case is that the defendant there was an assignee of the original creditor, *see id.* at *1. TILA provides that "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c). This provision requires the consumer to bring a TILA action against the current holder of the obligation. *See Long v. JP Morgan Chase Bank, N.A.*, 848 F. Supp. 2d 1166, 1175 (D. Haw. 2012) ("Any remedy of rescission [a borrower] may have must be invoked against the current holder of the mortgage loan.").

Here, Plaintiffs allege that U.S. Bank claims to be the "assignee and successor-in-interest to the purported lender-creditor . . . [and] ignored the rescission and claims to have purchased plaintiffs' property at trustee's sale on August 18, 2011. (TAC ¶ 11.) TILA allows recourse against the creditor or its assignee. *See* 15 U.S.C. § 1641(c). The proper recourse for Plaintiffs' TILA violation is against their current creditor, which is U.S. Bank and not the Zeff Defendants—counsel representing U.S. Bank—and Nationstar—the mortgage servicer. *See Long*, 848 F. Supp. 2d at 1175. Neither the Zeff Defendants nor Nationstar are the current holders of Plaintiffs' Note. Thus, TILA does not apply to them.

Furthermore, the Court has no basis on which to order the relief Plaintiff requests. The Court agrees with Defendants that under federal law declaratory relief is not an independent cause of action; it is only a remedy. *See N. Cnty. Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010). The Court previously found that Plaintiffs do not, as a matter of law, state a claim for violation of the FDCPA. *See supra* Motions to Dismiss p. 10. Further amendment of their complaint to make out a TILA violation would fail because the Defendants before the Court do not fall within the

ambit of a TILA rescission claim. Therefore, there is no justiciable controversy allowing for declaratory relief, *see Wycoff*, 344 U.S. at 241, and permitting amendment would be futile.

In addition, Plaintiffs were given several opportunities to cure their FDCPA deficiencies, but failed to do so. The Court granted Plaintiffs' first motion to amend, (*see* ECF No. 18), and twice allowed Plaintiffs to refile an amended complaint after granting motions to dismiss, (*see* ECF Nos. 38, 70). Throughout these amendments Plaintiffs have failed to state a claim and the Court finds further amendment would likewise be futile. Therefore, the Court **DENIES** Plaintiffs' Motion to Amend, (ECF No. 73).

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** the Zeff Defendants' MTD, (ECF No. 75), **GRANTS** Defendant Nationstar's MTD (ECF No. 76), and **DISMISSES WITH PREJUDICE** Plaintiffs' TAC, (ECF No. 71). Additionally, the Court **DENIES** Plaintiffs' Motion to Amend, (ECF No. 73). This Order ends the litigation in this matter. The Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2018

Hon. Janis L. Sammartino
United States District Judge

15-CV-910 JLS (MDD)